Matter of Campbell v McCall's Bronxwood Funeral Home, Inc. (2019 NY Slip Op 00182)





Matter of Campbell v McCall's Bronxwood Funeral Home, Inc.


2019 NY Slip Op 00182


Decided on January 10, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 10, 2019

Acosta, P.J., Renwick, Manzanet-Daniels, Webber, Kahn, JJ.


8078 17384/07 300513/10 83796/10

[*1]In re Hugh W. Campbell, etc., Petitioner-Appellant,
v
McCall's Bronxwood Funeral Home, Inc., Respondent-Respondent.
Hugh W. Campbell, etc., Plaintiff-Appellant,
v
Jeffrey D. Buss, Esq., et al., Defendants-Respondents. [And a Third-Party Action]


Wilson Jacobson P.C., Eastchester (Leroy Wilson, Jr. of counsel), for appellant.
Spolzino, Smith, Buss & Jacobs LLP, Yonkers (Charles S. Welcome of counsel), for respondents.



Order, Supreme Court, Bronx County (Elizabeth Taylor, J.), entered on or about December 22, 2016, which granted the motion of respondent McCall's Bronxwood Funeral Home, Inc. (the Funeral Home) and defendants Jeffrey D. Buss, Esq. and James H. Alston, Jr., for summary judgment dismissing the petition seeking involuntary dissolution of the corporate Funeral Home, and dismissing the complaint against the individual defendants, unanimously modified, on the law, to deny the petition for dissolution of the Funeral Home, and the matter remanded for further proceedings on the issue of the value of decedent's estate's interest therein, and otherwise affirmed, without costs.
In determining whether involuntary dissolution under section 1104-a of the Business Corporation Law is warranted, the Court must consider (1) whether liquidation "is the only feasible means whereby [a] petitioner may reasonably expect to obtain a fair return on [her] investment; and (2) [w]hether liquidation . . . is reasonably necessary for the protection of the rights and interests, of any substantial number of shareholders or of the petitioners" (Business Corporation Law § 1104-a[b]; see also Matter of Kemp & Beatley [Gardstein] , 64 NY2d 63 [1984]). A court has discretion to deny a petition for dissolution upon a showing of shareholder oppression, provided the respondent shows that an "adequate, alternative remedy" exists, such as a buy-out under the shareholders' agreement that would provide a fair return on the corporate investment (see Kemp & Beatley, 64 NY2d at 74; Matter of Harris [Daniels Agency] , 118 AD2d 646 [2d Dept 1986]).
Because the Funeral Home and defendant Alston failed to substantiate that their buy-out offer under the 1998 corporate shareholders' agreement would provide decedent's Estate with a fair return on the decedent's investment, and the Estate has presented substantial evidence that the buy-out offer was grossly inadequate, we remand for an evidentiary hearing on the value of the Estate's interest in the Funeral Home (see Matter of Fancy Windows & Doors Mfg. Corp. [Fei Wu] , 244 AD2d 484, 484 [2d Dept 1997]; Matter of Wiedy's Furniture Clearance Ctr. Co., [*2]108 AD2d 81, 85 [3d Dept 1985]).
We have considered the Estate's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 10, 2019
CLERK